FILED
SUPERIOR COURT
OF GUAM

2025 JUL 31 AM 10: 01

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ESTATE OF MIN JUNG SPARKS, | **CIVIL CASE NO. CV0409-24** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING MOTION FOR RELIEF** |
| SAMANTHA CHONG SPARKS, | |
| Defendant. | |

Citing Guam Rules of Civil Procedure 60(b)(2) and (5), Plaintiff Estate of Min Jung Sparks ("the Estate") moves for relief from the December 6, 2024 Decision and Order, which Defendant Samantha Chong Sparks ("Sparks") opposes. The Court determines that the Estate is not entitled to relief and therefore DENIES its Motion for Relief.

## I.     PROCEDURAL BACKGROUND

In this action, the Estate sought to set aside a transfer of land from the Decedent, Min Jung Sparks to her daughter, Sparks, alleging a fraudulent conveyance. Pl.'s Compl. (July 12, 2024). However, in a December 6, 2024 Decision and Order, the Court dismissed the case, finding that the Estate failed to follow Guam law requirements to prosecute a fraudulent conveyance, specifically, because it did not obtain probate court approval to pursue such claims.

The Estate seeks reconsideration under Rule 60, claiming that the probate court has now approved the application to prosecute the fraudulent conveyance. Pl.'s Mot. For Relief at 2 (Apr. 25, 2025). Sparks responds that the probate court's later approval of the Application did not constitute new evidence under Rule 60(b)(2) because it was "obtainable with due diligence"



before the case was dismissed. *Id.* at 2-3. Sparks also argues that Rule 60(b)(5) is inapplicable as it only applies to judgments with prospective effect and the Estate never demonstrated inequity. *Id.* at 3-5. The Estate counters that the delay in obtaining the probate court's approval did not constitute a lack of due diligence. Pl.'s Reply to Def.'s Opp'n at 2 (June 12, 2025). The Estate additionally asserted that Rule 60(b)(5) does not only apply to judgments with prospective effect and that the court may grant relief "for any other reason justifying relief" under Rule 60(b)(6). *Id.*

## II.     LAW AND DISCUSSION

Rule 60 allows the court to relieve a party from a final judgment under certain circumstances. Rule 60(b)(2) and (5) allow relief for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" and if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application," respectively.

In applying the analogous federal rules, federal courts have held that new evidence must have existed at the time of trial. *See In re Alcorn*, 252 B.R. 174 at 178 (Bankr. D. Colo. 2000); *Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*, 228 F.R.D. 125 at 129 (N.D.N.Y. 2005); *Kettenbach v. Demoulas*, 901 F. Supp. 486 at 493 (D. Mass. 1995). Under that definition, the probate court's Order would not constitute newly discovered evidence because it was obtained after this Court's Decision and Order. Additionally, the Estate fails to meet the "due diligence" prong of the test because it did not obtain the probate court's approval as required by the plain language of 15 GCA §221(c). Therefore, relief is unavailable to the estate under Rule 60(b)(2).



Turning to the arguments under Rule 60(b)(5), the Estate argues that the probate court's Order demonstrates that this Court's Order dismissing the case is no longer equitable. Pl.'s Mot. For Relief at 2. Sparks argues that GRCP 60(b)(5) only applies to judgments with prospective application and that the Estate must demonstrate inequity to receive relief. Def.'s Opp'n to Pl.'s Mot. at 3-6. Several federal courts have found that under the parallel federal rule, "[t]he standard used in determining whether a judgment has prospective application is "whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (quoting *Twelve John Does v. D.C.*, 841 F.2d 1133, 1139 (D.C. Cir. 1988)). Under that standard, the court's order of dismissal without prejudice would not have prospective application. Even if the Order did have prospective application, the Estate's receipt of the probate court's approval months after the judgment does not render the Order inequitable. As such, relief is unavailable to the Estate under GRCP 60(b)(5).

The Court considers if relief may be available under Rule 60(b)(6), which states that "any other reason justifying relief from the operation of the judgment" may allow the court to relieve a party from a final judgment. GRCP 60(b)(6). However, "courts use rule 60(b)(6) relief sparingly 'as an equitable remedy to prevent manifest injustice' and grant relief 'only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment." *Merchant v. Nanyo Realty, Inc.* 1998 Guam 26 ¶ 9, quoting *U.S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). The Estate has not demonstrated any extraordinary circumstances that would require relief from this judgment, especially because dismissal was without prejudice. Accordingly, relief is unavailable under GRCP 60(b)(6) as well.

 ORIGINAL

## III.    CONCLUSION AND ORDER

The Estate is not entitled to relief under GRCP 60(b)(2), (5), or (6). The probate court's Order does not constitute new evidence, and the Estate has failed to establish that this Court's Order of dismissal is inequitable. Thus, the Court DENIES the Estate's Motion for Relief.

**SO ORDERED** this 31 July 2025.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Michael J. Berman, Esq., Berman Law Firm, for Plaintiff Estate of Min Jung Sparks
William L. Gavras, Esq., Law Offices of William L. Gavras, for Defendant Samantha Chong
      Sparks

ORIGINAL